PEOPLE v VITALE

Docket No. 110864. Submitted March 9, 1989, at Detroit. Decided August 9, 1989.

Tony Vitale pled guilty to a charge of prison escape in exchange for the prosecutor's assurance that he would recommend that any sentence of imprisonment have a minimum term not to exceed 2½ years, Macomb Circuit Court, George R. Deneweth, J. The court accepted the plea and imposed a sentence of 2½ to 5 years, to be served consecutively to the sentence defendant was serving. In imposing the sentence, the court stated on the record that it was accepting the prosecutor's recommendation. Defendant appealed.

The Court of Appeals *held:*

1. The trial court's statement was a sufficient explanation for the sentence imposed.

2. The sentence does not shock the conscience of the Court of Appeals.

Affirmed.

CRIMINAL LAW — SENTENCING — ARTICULATION OF REASONS FOR SENTENCE — SENTENCE AGREEMENTS.

A trial court, in imposing a sentence of imprisonment which is consistent with a sentence agreement reached by the prosecution and the defendant as part of their plea negotiations, sufficiently articulates its reasons for the sentence imposed when it states on the record that it accepts the sentence agreement.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Edward L. Graham,* Assistant Prosecuting Attorney, for the people.

REFERENCES
Am Jur 2d, Criminal Law §§ 533, 535 *et seq.*
See the Index to Annotations under Plea Bargaining; Sentence and Punishment.

*William M. Wolfson,* for defendant on appeal.

Before: McDONALD, P.J., and SULLIVAN and NEFF, JJ.

PER CURIAM. Defendant appeals as of right from his plea-based conviction for prison escape, MCL 750.193; MSA 28.390. Defendant was sentenced to imprisonment for 2½ to 5 years. That sentence was to run consecutively to the sentence that defendant was serving at the time of sentencing. We affirm.

Defendant first contends that the trial court committed error requiring resentencing when it failed to articulate on the record the reasons for defendant's sentence. Defendant pled guilty in exchange for the prosecutor's recommendation that the minimum prison term be no more than 2½ years of imprisonment.

At the time of sentencing the prosecutor made the following statement on the record:

> On January 29th this matter was up for trial. Defendant was charged with the offense of Escape from Prison. We arrived at a resolution. The resolution was that the Defendant was to plead to the principal charge of Escape from Prison, and the Prosecution was to recommend that in the event that the Court saw fit to incarcerate the Defendant, that we would cap the minimum sentence at two and [a] half years.

The trial court, after a discussion on the record with defendant, indicated that it would accept the sentence agreement between the prosecution and defendant, stating: "I'm going to go along with the cap." We find this to be a sufficient explanation of the sentence, given that a sentence bargain was

entered and accepted. *People v Triplett,* 432 Mich 568; 442 NW2d 622 (1989).

The trial court accepted defendant's plea and sentenced him under a sentence recommendation to which he agreed. Why should defendant now be heard to complain? It seems pointless to remand such a case to the trial court. Here, where the prosecution and defendant agreed to the minimum sentence imposed, what are we to review and what are we to demand of the trial court? In sum, the defendant's prayers were answered, reminding us of the wisdom of St. Theresa of Avila who said: "More tears are shed over answered prayers than unanswered ones."

Defendant also contends that the sentence imposed by the trial court should shock the conscience of this Court. See *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). It does not.

Affirmed.