## PEOPLE v BLOUNT

Docket No. 151314. Submitted September 10, 1992, at Detroit. Decided December 7, 1992, at 9:00 A.M.

Terry J. Blount pleaded guilty in the Recorder's Court of Detroit, Dalton A. Roberson, J., of second-degree murder and possession of a firearm during the commission of a felony. The court sentenced him in accordance with the sentencing agreement that was part of a plea bargain. The defendant appealed, claiming that the sentence is disproportionate and not individually tailored to him.

The Court of Appeals *held:*

Because the sentence is within the range recommended by the sentencing guidelines, it is presumptively proportionate. The failure of the defendant to move in the trial court to withdraw the plea precludes appellate review of the sentence, because it was entered in accordance with the sentencing agreement.

Affirmed.

CRIMINAL LAW — SENTENCING — GUILTY PLEAS — PRESERVING QUESTION.

The failure to move to set aside a guilty plea that was based on a plea bargain that included a sentencing agreement precludes appellate review of the defendant's claim that the sentence is disproportionate and not individually tailored where the sentence is in accordance with the sentencing agreement.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law § 490.

See the ALR Index under Criminal Procedure Rules; Plea Bargaining; Sentence and Punishment.

*Roman S. Karwowski,* for the defendant.

Before: HOOD, P.J., and CONNOR and TAYLOR, JJ.'

HOOD, P.J. Defendant pleaded guilty in the Recorder's Court of Detroit of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), in exchange for the dismissal of a charge of first-degree murder, MCL 750.316; MSA 28.548. Pursuant to the parties' sentencing agreement, defendant was sentenced to a term of twenty to forty years plus the mandatory two years for the firearm conviction. He appeals as of right, arguing that the sentence is disproportionate and not individually tailored. We disagree and affirm.

The sentencing guidelines recommended a minimum term of twelve to twenty-five years. The minimum imposed on defendant was within the guidelines and is therefore presumptively proportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990); *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987).

Further, we note and emphasize that defendant received exactly the sentence to which he previously had agreed and may not now challenge that sentence, because he has made no effort to withdraw his plea. *People v Vitale,* 179 Mich App 420; 446 NW2d 504 (1989); see also *People v Nixten,* 183 Mich App 95; 454 NW2d 160 (1990). A bargain is indeed a bargain. Further, in this case, we have no claim of ineffective assistance of counsel nor any indication that the plea was in any way tainted or that the prosecutor in any way violated the terms of the agreement.

We therefore hold that a defendant who pleads guilty and is sentenced in accordance with a plea

bargain and sentencing agreement waives the right to challenge the sentence unless there is also an attempt to withdraw the plea for a sound legal reason.

Affirmed.