PEOPLE v WARD

Docket No. 160825. Submitted March 1, 1994, at Lansing. Decided
June 21, 1994, at 9:10 A.M.

Jonathan D. Ward pleaded guilty in the Ingham Circuit Court,
Michael G. Harrison, J., of three counts of child sexually
abusive activity, one count of first-degree criminal sexual con-
duct, and one count of second-degree criminal sexual conduct.
A plea agreement provided for the dismissal of sixteen similar
counts and that the defendant's minimum sentence would not
exceed fifteen years. The defendant was sentenced to ten to
twenty years' imprisonment for each of the child sexually
abusive activity convictions, fifteen to thirty years' imprison-
ment for the first-degree criminal sexual conduct conviction,
and five to fifteen years' imprisonment for the second-degree
criminal sexual conduct conviction. The defendant appealed,
alleging violation of the Double Jeopardy Clause's prohibition
against multiple punishments and that his sentence for the
first-degree criminal sexual conduct conviction is not propor-
tionate.

The Court of Appeals *held:*

1. The Legislature intended that the crimes of criminal
sexual conduct and child sexually abusive activity be punished
separately. The criminal sexual conduct statutes and the child
sexually abusive activity statute prohibit conduct that is viola-
tive of distinct social norms, and the statutes are not part of a
hierarchy of crimes that build upon a single base statute. The
defendant's convictions do not violate the double jeopardy
protection against multiple punishments.

2. The defendant's sentence for his conviction of first-degree
criminal sexual conduct is proportionate.

3. The rule announced in *People v Blount,* 197 Mich App 174
(1992), that a defendant who pleads guilty and is sentenced in
accordance with a plea bargain and sentencing agreement
waives the right to challenge the sentence unless there is also

REFERENCES

Am Jur 2d, Criminal Law §§ 155, 458 *et seq.,* 551.
See ALR Index under Abuse of Persons; Double Jeopardy; Guilty
Plea.

an attempt to withdraw the plea for a sound legal reason is to be given full retroactive effect. Therefore, the defendant waived his right to challenge the proportionality of his sentence. In any event, the sentence was proportionate.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS — CHILD SEXUALLY ABUSIVE ACTIVITY — CRIMINAL SEXUAL CONDUCT.

The Legislature intended that the crimes of criminal sexual conduct and child sexually abusive activity be punished separately; therefore, the Double Jeopardy Clause's prohibition against multiple punishments is not violated where a defendant is convicted of both child sexually abusive activity and first- and second-degree criminal sexual conduct for sexual penetration and sexual contact that occurred during the child sexually abusive activity (MCL 750.145c, 750.520b[1][c], 750.520c[1][c]; MSA 28.342a, 28.788[2][1][c], 28.788[3][1][c]).

2. CRIMINAL LAW — SENTENCING — GUILTY PLEAS — PRESERVING QUESTION.

The rule announced in *People v Blount,* 197 Mich App 174 (1992), that a defendant who pleads guilty and is sentenced in accordance with a plea bargain and sentencing agreement waives the right to challenge the sentence unless there is also an attempt to withdraw the plea for a sound legal reason is to be given full retroactive effect.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Samuel R. Smith,* Chief Appellate Attorney, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: MACKENZIE, P.J., and GRIBBS and M. E. DODGE,* JJ.

PER CURIAM. Defendant was charged in three informations with a total of twenty-one counts of child sexually abusive activity, MCL 750.145c;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.342a, second-degree criminal sexual conduct, MCL 750.520c(1)(c); MSA 28.788(3)(1)(c), and first-degree criminal sexual conduct, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). In exchange for the dismissal of sixteen counts and an agreement that his minimum sentence would not exceed fifteen years, defendant pleaded guilty of one count of child sexually abusive activity in each of the three case files. Additionally, he pleaded guilty of one count of second-degree CSC in one file and of one count of first-degree CSC in one file. Defendant was sentenced to ten to twenty years' imprisonment for each of the three child sexually abusive activity convictions, five to fifteen years' imprisonment for his second-degree CSC conviction, and fifteen to thirty years' imprisonment for the first-degree CSC conviction. He appeals as of right. We affirm.

Defendant's convictions arise out of three instances in which he and another individual brought thirteen- and fourteen-year-old girls to a house for photography sessions. Both still photographs and videotapes were taken of the girls in nude or erotic poses. Photographs were also taken of defendant fondling the girls and digitally penetrating them, and of the girls licking defendant's penis.

I

Defendant contends that his convictions of both child sexually abusive activity and first- or second-degree criminal sexual conduct violate the Double Jeopardy Clause's prohibition against multiple punishments.

MCL 750.520b(1)(c); MSA 28.788(2)(1)(c) provides:

(1) A person is guilty of criminal sexual conduct

in the first degree if he or she engages in sexual penetration with another person and . . .

\* \* \*

(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

Similarly, MCL 750.520c(1)(c); MSA 28.788(3)(1)(c) provides:

(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and . . .

\* \* \*

(c) Sexual contact occurs under circumstances involving the commission of any other felony.

The other, or predicate, felony at issue in this case is child sexually abusive activity. MCL 750.145c; MSA 28.342a provides that a person is guilty of that offense when the person "persuades, induces, entices, coerces, causes, or knowingly allows" a child to engage in "sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, passive sexual involvement, sexual excitement, or erotic nudity" "for the purpose of producing" "a developed or undeveloped photograph, film, slide, electronic visual image, or sound recording" of such acts. MCL 750.145c(1)(e), (h), (i), and (2); MSA 28.342a(1)(e), (h), (i), and (2).

The concept of multiple punishment in double jeopardy jurisprudence has as its purpose the avoidance of more than one punishment for the same offense arising out of a single prosecution. *People v Harding,* 443 Mich 693, 705; 506 NW2d 482 (1993) (opinion by BRICKLEY, J.). The double jeopardy protection against multiple punishment serves to ensure that a defendant is not subjected

to more punishment than that authorized by the legislative branch of government. *People v Sturgis,* 427 Mich 392, 403; 397 NW2d 783 (1986), citing *Wayne Co Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). Multiple convictions for legislatively linked compound and predicate crimes, such as the offenses in this case, do not necessarily violate the double jeopardy protection against multiple punishments. Rather, the determinative inquiry is what punishment the Legislature intended to be imposed. *People v Robideau,* 419 Mich 458, 485-486; 355 NW2d 592 (1984).

In determining legislative intent, a court must identify the type of harm the Legislature was intending to prevent, and the amount of punishment authorized by it. *Robideau, supra,* p 487. Where two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishments. *Id.* Further, where one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes. *Id.*

Here, it is apparent that the criminal sexual conduct statutes and the child sexually abusive activity statute prohibit conduct that is violative of distinct social norms. The criminal sexual conduct statutes involve sexual assaults on persons of all ages. The focus of first-degree CSC is clearly on penetration, *Robideau, supra,* p 488, while the focus of second-degree CSC is on sexual contact. The offense of engaging a child in sexually abusive activity, on the other hand, focuses on protecting children from sexual exploitation, assaultive or otherwise. The purpose of the statute is to combat the use of children in pornographic movies and

photographs, and to prohibit the production and distribution of child pornography. See Senate Fiscal Agency Bill Analysis, SB 426, December 1, 1987.

Further, while the punishments for the criminal sexual conduct offenses and for the underlying predicate felony of child sexually abusive activity are not identical,[1] as they were in *Robideau,* neither are they part of a hierarchy of crimes that build upon a single base statute. This, too, suggests that the Legislature intended imposing dual punishment. See *Robideau, supra,* pp 487-488.

Because the Legislature intended to punish conduct violative of distinct social norms and did not authorize punishments based on a continuum of culpability, it is apparent that the Legislature intended that the crimes of criminal sexual conduct and child sexually abusive activity be punished separately. *Robideau, supra.* Accordingly, we hold that defendant's convictions do not violate the double jeopardy protection against multiple punishments.

II

Defendant also argues that the sentence for his first-degree CSC conviction was disproportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). In *People v Blount,* 197 Mich App 174, 175-176; 494 NW2d 829 (1992), this Court held that a defendant who pleads guilty and is sentenced in accordance with a plea bargain and sentencing

---

[1] Child sexually abusive activity is part of the child protection laws and not one of the series of laws prohibiting criminal sexual conduct. Producing child sexually abusive material is a felony punishable by twenty years in prison. MCL 750.145c(2); MSA 28.342a(2). Second-degree CSC is a felony punishable by fifteen years in prison, MCL 750.520c(2); MSA 28.788(3)(2), while the aggravated crime of first-degree CSC is punishable by imprisonment for life or any term of years, MCL 750.520b(2); MSA 28.788(2)(2).

agreement waives the right to challenge the sentence unless there is also an attempt to withdraw the plea for a sound legal reason. Defendant argues that the *Blount* waiver rule should be given prospective effect only and that, because he was sentenced before the release of the *Blount* decision, he is entitled to appellate review of his sentence. We disagree.

The general rule in Michigan is that appellate court decisions are to be given full retroactivity unless limited retroactivity is justified. *Moorhouse v Ambassador Ins Co, Inc,* 147 Mich App 412, 420-421; 383 NW2d 219 (1985). The *Blount* decision did not overrule prior law or settled precedent and did not involve a vested property right. *Jahner v Dep't of Corrections,* 197 Mich App 111, 114; 495 NW2d 168 (1992). Further, the *Blount* decision was clearly foreshadowed by *People v Vitale,* 179 Mich App 420, 422; 446 NW2d 504 (1989), where this Court stated:

> The trial court accepted defendant's plea and sentenced him under a sentence recommendation to which he agreed. Why should defendant now be heard to complain? It seems pointless to remand such a case to the trial court. Here, where the prosecution and defendant agreed to the minimum sentence imposed, what are we to review and what are we to demand of the trial court?

Accordingly, we give the rule announced in *Blount* full retroactive effect. Defendant has, therefore, waived his right to challenge the proportionality of his sentence where he entered into a sentence agreement, the trial court abided by the agreement, and defendant did not move to withdraw his guilty plea. *Blount, supra,* pp 175-176.

In any event, defendant's sentence for his first-degree csc conviction was proportionate to the

seriousness of the circumstances surrounding the offense and the offender. *Milbourn, supra.* The sentence was within the guidelines' recommended minimum sentence range and defendant benefited from a plea bargain resulting in the dismissal of a substantial number of other charges. *People v Broden,* 428 Mich 343, 354; 408 NW2d 789 (1987); *People v Duprey,* 186 Mich App 313; 463 NW2d 240 (1990).

Affirmed.