PEOPLE v ROLLINS

Docket No. 153783. Submitted September 14, 1994, at Lansing. Decided November 8, 1994, at 9:10 A.M. Leave to appeal sought.

Gene E. Rollins was convicted by a jury in the Clinton Circuit Court, Randy L. Tahvonen, J., of kidnapping and child enticement and, subsequently, pleaded guilty of being an habitual offender, second offense. The evidence at trial established that the defendant induced a young girl to come with him to aid in the retrieval of a cat, that the defendant then grabbed the girl and threw her in his car, and that the girl escaped when the defendant was confronted by a neighbor who had heard the girl's screams. The defendant appealed.

The Court of Appeals *held:*

1. Because there was no evidence of an assault independent of an assault incidental to the kidnapping, the trial court did not err in refusing to charge the jury that it must find that any asportation of the victim was not incidental to the separate offense of assault and battery.

2. The trial court properly refused to instruct the jury concerning the misdemeanor of assault and battery because there is no inherent relationship between kidnapping and assault and battery, kidnapping not being necessarily an assaultive crime.

3. The questions whether the trial court erred in failing to instruct that the asportation necessary to convict of kidnapping must not be incidental to child enticement and whether the court's instructions concerning the elements of child enticement were erroneous were not preserved below and are deemed abandoned on appeal.

4. There was sufficient evidence adduced at trial to prove child enticement beyond a reasonable doubt.

5. The Legislature intended that the kidnapping statute and

REFERENCES

Am Jur 2d, Criminal Law §§ 244, 245.

Supreme Court's views of Fifth Amendment's double jeopardy clause pertinent to or applied in federal criminal cases. 50 L Ed 2d 830. Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

the child enticement statute punish conduct that violates distinctly different social norms. Accordingly, these convictions and punishments under each statute do not violate the prohibition of the Double Jeopardy Clause despite the fact that they arose out of a single continuous criminal enterprise.

6. The district court, in binding over the defendant on the two charges, permitted, but did not require, the prosecution to elect to proceed with either one of the charges.

Affirmed.

CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY —
    MULTIPLE PUNISHMENTS — KIDNAPPING — CHILD ENTICEMENT.

The Legislature intended that the crimes of kidnapping and child enticement be punished separately; therefore, the Double Jeopardy Clause's prohibition against multiple punishments is not violated where a defendant is convicted of both the criminal enticement of a child and kidnapping the child following a single continuous criminal enterprise (MCL 750.349, 750.350; MSA 28.581, 28.582).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Charles D. Sherman,* Prosecuting Attorney, and *Laura A. Cook,* Assistant Prosecutor, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: WEAVER, P.J., and CAVANAGH and C. C. SCHMUCKER,* JJ.

PER CURIAM. Defendant was convicted by a jury of kidnapping, MCL 750.349; MSA 28.581, and kidnapping a child under fourteen, (child enticement), MCL 750.350; MSA 28.582, and he subsequently pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. He was sentenced to two concurrent life sentences. Defendant now appeals as of right, and we affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

The instant convictions arose out of an incident in which defendant approached a group of children in a trailer park and offered $2 to anyone who would help him retrieve his cat from beneath a trailer. The nine-year-old victim agreed and followed him to the trailer. Once there, defendant grabbed the victim, pulled her toward his car, picked her up, and threw her inside. A neighbor heard the girl's screams, and pulled defendant from the car. Meanwhile, the girl escaped. Defendant drove away in his car, but was quickly apprehended by a nearby police officer who had been alerted by the neighbor.

Defendant was charged with kidnapping and child enticement; a jury found him guilty as charged. This appeal followed.

II

Defendant raises four allegations of instructional error. First, he asserts that the trial court erred in refusing to instruct the jury that to convict defendant of kidnapping it must find that any asportation of the victim was not incidental to another offense, i.e., assault and battery. We disagree.

Defendant relies upon *People v Rappuhn,* 78 Mich App 348, 354-356; 260 NW2d 90 (1977), in which the defendant's kidnapping conviction was reversed because the trial court's asportation instruction did not convey adequately that movement must have significance independent of any underlying activity. However, in the more recent case of *People v Robbins,* 131 Mich App 429, 433; 346 NW2d 333 (1984), this Court held that where there is no evidence of an underlying lesser or

coequal offense, an instruction on movement merely incidental to some unspecified underlying offense could only lead to confusion and should not be given. See *People v Vaughn,* 447 Mich 217; 524 NW2d 217 (1994) (BOYLE, J., concurring).

In this case, there was evidence that defendant assaulted the victim, although he was not charged with that offense. However, that assault was incidental to the kidnapping, i.e., it was perpetrated in furtherance of the kidnapping. Accordingly, we believe the instruction requested by defendant would have been confusing and would not have aided the jury in accurately resolving the kidnapping charge. *Robbins, supra.* The instruction given was adequate under the circumstances.[1]

Defendant further contends that the trial court erred in failing to instruct that the asportation must not be incidental to child enticement. Defendant failed to object on this basis below and does not support his argument on appeal by citation to legal authority. Accordingly, we deem this issue abandoned. *People v Hoffman,* 205 Mich App 1, 17; 518 NW2d 817 (1994); *Robbins, supra* at 431.

Next, defendant alleges that the court erred in denying his request to instruct concerning assault and battery, MCL 750.81; MSA 28.276. We disagree.

A court must instruct concerning a lesser included misdemeanor where (1) the defendant makes a proper request; (2) there is an "inherent relationship" between the greater and lesser offense; (3) the jury rationally could find the defendant innocent of the greater and guilty of the lesser offense; (4) the defendant has adequate notice; and (5) no undue confusion or other injustice

---

[1] This case is distinguishable from *People v Stapf,* 155 Mich App 491; 400 NW2d 656 (1986), where the evidence of the defendant's intent to kidnap was far more tenuous than in the instant case.

would result. *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982); see *People v Hendricks,* 446 Mich 435, 444-446; 521 NW2d 546 (1994).

The instruction requested by defendant does not satisfy the second *Stephens* condition, because there is no inherent relationship between the offenses of kidnapping and assault and battery: kidnapping is not necessarily an assaultive crime. Thus, the trial court properly refused to instruct concerning assault and battery.

Defendant also claims that the court's instruction to the jury concerning the elements of the offense of child enticement was erroneous. Again, this issue is unpreserved, and we decline to consider it. *Robbins, supra.*

III

Defendant next asserts that the court erred in denying his motion for a directed verdict with respect to the child enticement charge. Viewing the evidence in a light most favorable to the prosecutor, a rational trier of fact could have found the essential elements of the crime (including the intent to detain or conceal the child from her parent) were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). Accordingly, the court properly denied defendant's motion.

IV

Next, defendant contends that his two convictions violate the constitutional prohibition against double jeopardy.

Multiple convictions of legislatively linked crimes do not violate necessarily the double jeop-

ardy protection against multiple punishments. The determinative inquiry is what punishment the Legislature intended to be imposed. *People v Ward,* 206 Mich App 38, 42; 520 NW2d 363 (1994). In determining legislative intent, a court must identify the type of harm the Legislature intended to prevent and the amount of punishment it authorized. *Id.*

This Court in *Ward* held that the criminal sexual conduct statutes (which involve sexual assaults on people of all ages) and the child sexually abusive activity statute (which focuses on protecting children from sexual exploitation, assaultive or otherwise) prohibit conduct that violates distinct social norms and that the Legislature intended to impose dual punishment. *Id.* at 42-43. Likewise, we conclude that the kidnapping and child enticement statutes have distinct social purposes and that the Legislature intended separate punishments for the two crimes: the kidnapping statute protects people of all ages from being secretly confined or forcibly moved against their will, while the child enticement statute specifically addresses the social evil of luring children away from their homes and families by force or fraud. Moreover, both statutes carry a maximum penalty of life or any term of years. See *People v Robideau,* 419 Mich 458, 488-489; 355 NW2d 592 (1984).

Consequently, defendant's convictions of both crimes do not violate double jeopardy.

V

Finally, defendant asserts that the court erred in allowing him to be convicted of both charges when he was bound over on both charges in the alternative only. Defendant did not raise this issue

before the trial court, and it is accordingly unpreserved. *People v Grant,* 445 Mich 535, 546; 520 NW2d 123 (1994). In any event, review of the record reveals that the district court bound over defendant on both charges, stating only that the prosecutor could, *if necessary,* later elect to proceed with respect to either one of the charges. This issue is without merit.

Affirmed.