# Order

Michigan Supreme Court
Lansing, Michigan

June 30, 2006

129706(87)

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

ROBERT LAWRENCE WILKENS, JR.,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129706
COA: 254668
Washtenaw CC: 03-000371-FH

On order of the Court, the motion for reconsideration of this Court's order of March 29, 2006 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

KELLY, J., dissents and states as follows:

I would grant reconsideration and, on reconsideration, I would grant leave to appeal. Defendant raises several very serious issues that this Court should consider. Because of the issues' importance and because defendant shows a palpable error and a likelihood of success on the merits, he has demonstrated manifest injustice warranting reconsideration. Reconsideration is also appropriate because defendant raises several constitutional questions.

Defendant argues that certain evidence admitted at trial should be suppressed as fruit of the poisonous tree because it stemmed from an illegal search and seizure. The police went to defendant's home searching for a gun or a knife. Defendant consented to a search for these items. An officer searching a bathroom noticed some electronic equipment that he thought to be odd. Despite the fact that he knew there was no gun or knife in the bathroom, the officer continued his inspection of the room. In the shower, the officer noticed a 1/4 inch hole below a motion sensor. On closer inspection of the tiny hole, the officer concluded it covered a camera. When asked, defendant stated that it was an inoperable camera. On the basis of the discovery of this camera, the officer obtained a new search warrant. The fruit of this search warrant was the evidence in question.

The close inspection by the officer may have constituted an unwarranted separate search. Merely inspecting something during a search is legal. But taking further actions unrelated to the object of the search is not acceptable. "[T]aking action, unrelated to the objectives of the authorized intrusion, which exposed to view concealed portions of the apartment or its contents, did produce a new invasion of respondent's privacy unjustified by the exigent circumstance that validated the entry." *Arizona v Hicks*, 480 US 321, 325 (1987). In this case, the gun or knife that the police were searching for could not have been located in the tiny hole. Therefore, the officer had no authority to make a more searching inquiry into the hole.

The officer's actions are also not justified by the plain view doctrine. In order to satisfy this doctrine, the officer must have reason to believe that a crime is being committed. *Id*. at 326-327. In this case, there was no reason to believe that defendant was committing a crime by having a camera in his shower, and there was no probable cause to seize the evidence. In fact, the officer could not know that there was a camera in the hole, much less that any camera there was functional or used to tape someone other than defendant. Nor could he know that, if it were used to tape someone else, that person did not consent to the taping. In all, there was no real evidence of a crime, just suspicion, and certainly not the probable cause necessary to seize the property. Therefore, the plain view doctrine is not satisfied. The evidence should not have been admitted against defendant at trial. I would grant leave to consider vacating defendant's convictions.

Defendant also raises a legitimate argument that the trial court impermissibly denied him an independent polygraph examination. MCL 776.21(5) states that certain defendants "shall be given a polygraph examination or lie detector test if the defendant requests it." The trial court denied defendant's request as untimely. There is no timing requirement contained in MCL 776.21. Therefore, this ruling was in error. I would grant leave to consider if this error requires a reversal.

Defendant also argues that the trial court inappropriately denied a jury instruction on consent with respect to the first-degree criminal sexual conduct charges. In this case, the criminal sexual conduct charges were raised to first degree pursuant to MCL 750.520b(1)(c), "[s]exual penetration occurs under circumstances involving the commission of any other felony." The underlying felony charged in this case was producing child sexually abusive material, MCL 750.145c(2). The taped sexual activity involved alleged consensual contact with a 16-year-old. It is undisputed that the age of consent in Michigan is 16, but a person under the age of 18 cannot give consent to the making of child sexually abusive material. MCL 750.145c(1)(b). Therefore, there is a conflict in these statutes. Defendant makes a legitimate argument that simply videotaping a consensual act should not change that act into criminal sexual conduct. I

would grant leave to consider the statutory conflict and any First Amendment consideration that might be involved.

Next, defendant raises a legitimate double jeopardy argument. He argues that his convictions for both first-degree criminal sexual conduct and producing child sexually abusive material violated double jeopardy. The Court of Appeals based its decision on a past determination that these statutes protect distinct social norms. *People v Ward*, 206 Mich App 38, 42-43 (1994). The Court of Appeals decided that this demonstrated that the Legislature intended separate punishments for these crimes. *Id*. But *Ward* did not consider the ramifications of the first-degree criminal sexual conduct conviction being based on the commission of the underlying crime of producing child sexually abusive material. There is a legitimate argument that the underlying crime becomes an element of first-degree criminal sexual conduct pursuant to MCL 750.520b(1)(c). There could be no first-degree criminal sexual conduct conviction without a conviction for producing child sexual abusive material. I believe that this Court should grant leave to appeal to address this situation, which neither this Court nor the Court of Appeals has addressed.

Finally, defendant raises several challenges to the scoring of various offense variables (OV). I would grant leave to review the scoring of OVs 4, 9, and 10. Defendant strongly argues that these OVs were scored as if the 16-year-old girl did not consent. I think that his arguments are worthy of review.

Because of the number of significant issues raised in this case, I think that it is necessary to grant reconsideration and grant leave to appeal. It is especially important given that defendant raises legitimate constitutional challenges to his convictions.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

*Corbin R. Davis*

Clerk

d0627