*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MIGUEL GARCIA,

        Defendant-Appellant.

UNPUBLISHED
July 25, 2019

No. 344262
Kent Circuit Court
LC Nos. 18-000208-FH;
          18-000285-FH

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Following a combined jury trial for case numbers 18-000208-FH and 18-000285-FH, defendant, Miguel Garcia, was convicted of capturing/distributing the image of an unclothed person, MCL 750.539j; two counts of using a computer to commit a crime, MCL 752.796; and two counts of possession of child sexually abusive material, MCL 750.145c(4). Defendant was sentenced to 18 months to 5 years' imprisonment for capturing the image of an unclothed person and two terms of 18 months to 4 years' imprisonment for possession of child sexually abusive material, to be served consecutively to two terms of 4 to 7 years' imprisonment for using a computer to commit a crime. Defendant now appeals his convictions and sentences as of right. We affirm.

This case arose from defendant's teenage daughters finding photographs of their friend on defendant's cellular phone when she was only wearing shorts and was asleep. During the subsequent investigation, the police found videos and images of child sexually abusive material stored on defendant's computer and child pornography searches on his cellular phone.

Defendant raises several issues that he claims merit reversal of some or all of his convictions and his sentence. However, defendant is not entitled to relief on any of these grounds.

Defendant argues that there is insufficient evidence that he took the inappropriate photographs of the teenage victim or that he was the person responsible for accessing or possessing the child pornography. We disagree.

-1-

A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). In reviewing the sufficiency of the evidence, this Court must determine whether, evaluating the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). All conflicts in the evidence must be resolved in favor of the prosecution, and this Court shall not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *Wolfe*, 440 Mich at 515. Intent and premeditation may be inferred from all the facts and circumstances. *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011).

To convict a defendant of using a computer to commit a crime, MCL 752.796(1) provides that "[a] person shall not use a computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime." Here, the underlying crimes were two counts of possession of child sexually abusive material, MCL 750.145c(4). MCL 750.145c(4) provides, in pertinent part,

> A person who knowingly possesses or knowingly seeks and accesses any child sexually abusive material if that person knows, has reason to know, or should reasonably be expected to know the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child is guilty of a crime . . . .

"Child sexually abusive material" means

> any depiction, whether made or produced by electronic, mechanical, or other means, including a developed or undeveloped photograph, picture, film, slide, video, electronic visual image, computer diskette, computer or computer-generated image, or picture, or sound recording which is of a child or appears to include a child engaging in a listed sexual act; a book, magazine, computer, computer storage device, or other visual or print or printable medium containing such a photograph, picture, film, slide, video, electronic visual image, computer, or computer-generated image, or picture, or sound recording; or any reproduction, copy, or print of such a photograph, picture, film, slide, video, electronic visual image, book, magazine, computer, or computer-generated image, or picture, other visual or print or printable medium, or sound recording. [MCL 750.145c(1)(o).]

"[A] defendant constructively possesses 'any child sexually abusive material' when he knowingly has the power and the intention at a given time to exercise dominion or control over the contraband either directly or through another person or persons." *People v Flick*, 487 Mich 1, 15; 790 NW2d 295 (2010). "Possession can be established with circumstantial or direct evidence, and the ultimate question of possession is a factual inquiry to be answered by the jury."

*Id*. at 14 (quotation marks and citation omitted). "Dominion or control over the object need not be exclusive." *Id*. (quotation marks and citation omitted).

Defendant does not dispute that child sexually abusive material was found on his computer. In fact, the detectives produced evidence of the numerous photographs, videos, and websites accessed depicting very young girls engaged in sexual acts. On the basis of the ages of the children in the material found, and the testimony at trial of the detectives and defendant's daughters regarding the very young age of the children, any person would "know[], [have] reason to know, [and] should reasonably be expected to know" that the material included a child. See MCL 750.145c(4). The testimony also showed that the material depicting the children was sexually abusive in nature.

Defendant disputes that the evidence offered was sufficient to prove that he possessed the images, given that his young daughters stated at trial that it could have been them. But the evidence showed that the child sexually abusive material was found on defendant's computer in his home, under an account labeled "Miguel," which is defendant's first name. There was also child sexually abusive material found on defendant's cellular phone. The testimony showed that the material began being downloaded in 2010, when defendant's daughters would have been 7 and 10 years old. The younger daughter testified that she did not look at pornography until she was 13 years old. The older daughter testified that she "possibly" could have looked at pornography when she was 10 years old, but she could not remember because she "was little." The younger daughter testified that she did not look for "PTHC,"[1] did not know what that was, and never searched the dark web or Russian websites. The older daughter also did not know what PTHC was and stated she would not have searched that term on purpose. The testimony from the detectives showed that the type of explicit, young-child sexual material found on defendant's computer could not have been found through a simple Google search, which is what the younger daughter testified that she did. The younger daughter also testified that she never visited chat rooms or "Chaturbate," yet the detectives testified that they found numerous chats from Chaturbate on the computer. Both daughters denied purposely downloading, or ever having seen, child pornography.

Additionally, defendant's daughters only admitted on the day before the trial that they were responsible for the material, while the investigation began many months before that. Their admissions came shortly after a recorded call from defendant in jail to his eldest daughter, who had custody of the younger daughters, in which he encouraged them to go to the police and "confess" to the charges that he was on trial for. Although defendant contends that he was only encouraging his daughters to confess to things that they actually did, the call was played for the jury, and the jury weighs the credibility of the evidence. As stated in *Flick*, the factual inquiry of whether the defendant exercised control over the child sexually abusive material, even if not exclusively, beyond a reasonable doubt, is left to the jury. See *Flick*, 487 Mich at 14; *Wolfe*, 440 Mich 513-514. Moreover, "the prosecutor need not negate every reasonable theory consistent with innocence." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). A prosecutor

---

[1] Testimony at trial explained that this referred to "pre-teen hard core."

"need only convince the jury in the face of whatever contradictory evidence the defendant may provide." *Id*. (quotation marks and citation omitted).

We also hold that the evidence was also sufficient to support defendant's conviction of capturing/distributing the image of an unclothed person. MCL 750.539j(1)(b) provides that a person shall not "[p]hotograph, or otherwise capture or record, the visual image of the undergarments worn by another individual, the unclad genitalia or buttocks of another individual, or the unclad breasts of a female individual under circumstances in which the individual would have a reasonable expectation of privacy." There is no dispute that the photographs were of the friend's buttocks, while she was asleep, and, therefore, would have a reasonable expectation of privacy. Defendant argues that there was insufficient evidence that he was the one who took the photographs. However, we find that when viewed in the light most favorable to the prosecution, a rational juror could have found that defendant was the one who took the photographs. The photographs were found on defendant's cellular phone. Testimony showed that defendant asked the detective, "You can't take pictures of people with clothes on?" That statement could lead a reasonable jury to conclude that defendant admitted that he had knowledge of, and himself took, the photographs. Additionally, the testimony showed that the younger daughter was surprised and embarrassed when she discovered the photographs. Both daughters apologized to their friend for the inappropriate photographs numerous times. The younger daughter only stated that she had taken the pictures on the day that the trial began, which was only a few days after the recorded jail call between defendant and the eldest daughter, who had custody of the younger daughter, took place in which defendant urged the eldest daughter to get the younger daughter to confess to all the charges. A rational juror could find that the younger daughter's confession was not true on the basis of her actions and timing of her confession.

Therefore, viewing this evidence in the light most favorable to the prosecution, we conclude that defendant's convictions were supported by sufficient evidence. See *Wolfe*, 440 Mich 513-514.

Defendant next argues that the trial court erred in instructing the jury. However, we need not review this issue as it was waived by defense counsel at trial.

> This Court has defined waiver as the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver. [*People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citations omitted).]

The Michigan Supreme Court concluded in *Kowalski*, 489 Mich at 504, that "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review."

In this case, just before the commencement of jury deliberations, defense counsel stated that he was satisfied with the reading of the jury instructions; the trial court instructed the jury

-4-

and asked defense counsel if he had "any objections with regards to the instructions as read?" Defense counsel replied, "No, your Honor." After the jury came back with questions and the trial court addressed their questions with additional instructions, the court stated, "Record should reflect that when we got the questions, I did have an opportunity to speak with the attorneys before we came back in here, and expressed my thought process as to what I would explain to them. Any objection to the responses to their questions?" Defense counsel replied, "No objections, Your Honor, Thank you." Defense counsel expressly affirmed the jury instructions that were provided by the trial court, and as a result, defendant's claims of instructional error are waived. See *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002) (holding that defense counsel waived any instructional error when counsel stated, "No, your honor," in response to the trial court's question whether there were any objections to the jury instructions as read); see also *People v Ortiz*, 249 Mich App 297, 311; 642 NW2d 417 (2001) ("Defendant affirmatively waived any errors when he specifically indicated to the trial court that he had no objections to the instructions *as given*."). Therefore, we decline to review this issue. See *Ortiz*, 249 Mich App at 311 ("Because any objections were waived, there are no errors to review.").

Defendant next argues that, as applied to this case, the scoring of offense variable (OV) 10 was unconstitutional. We disagree.

OV 10 addresses the exploitation of vulnerable victims. Ten points must be assigned to OV 10 where "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). "Exploit" is defined as "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). "When a person possesses child sexually abusive material, he or she personally engages in the systematic exploitation of the vulnerable victim depicted in that material. Evidence of possession therefore can support a score of 10 points for OV 10, reflecting that a defendant exploited a victim's vulnerability due to the victim's youth." *People v Needham*, 299 Mich App 251, 252; 829 NW2d 329 (2013).

Preliminarily, defendant misconstrues the holding in *Needham*. This Court stated that evidence of possession of child sexually abusive material *can* support a score of 10 points for OV 10, not that it *must*. *Id*. The scoring is not mandated and, therefore, not invalidated by *Lockridge*.

There was clearly a victim in this case. A "victim" is a " 'person harmed by a crime, tort, or other wrong' . . . or . . . a person who 'is acted on and usually adversely affected by a force or agent . . .' " *Id*. at 332 (quotation and citations omitted). "The victim of crimes involving child sexually abusive activity, including the possession of child sexually abusive material, is the child victim portrayed in the material." *Id*. (quotation marks and citations omitted). Defendant does not submit that the children were not vulnerable. Contrary to defendant's arguments, however, he did exploit and manipulate the young, vulnerable victims depicted in the material he possessed, even though he did not himself have direct contact with them. Nothing in the plain language of MCL 777.40 suggests that an offender must have direct or physical contact with the victim to exploit or manipulate him or her. The very purpose of MCL 750.145c is to "protect[ ] children from sexual exploitation . . . ." *People v Ward*, 206 Mich App 38, 42; 520 NW2d 363 (1994). The "victimization of the children involved does not end when the pornographer's camera is put away. The consumer, or end recipient, of pornographic material may be

considered to be causing the children depicted in those materials to suffer as a result of his actions . . . ." *Needham*, 299 Mich App at 256 (quotation marks and citation omitted).

The record reflects that defendant downloaded images of children ranging in age from 5 years old to 16 years old engaging in various sexual acts. There is no dispute that the victims here were children, given that defendant was convicted of possessing child sexually abusive material, MCL 750.145c(4). Therefore, given that defendant engaged in the systemic exploitation of vulnerable victims by downloading videos of children being sexually assaulted and taking photographs of a minor child's unclothed body while she was asleep, we hold that the record supports the assessment of 10 points under OV 10. Defendant has not shown plain error in the trial court's scoring of OV 10. See *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

Defendant next argues that the trial court did not properly articulate its rationale for imposing consecutive sentences and he is, therefore, entitled to resentencing. We disagree.

Preliminarily, defendant has abandoned this issue and we could choose to decline to review it. When a defendant has offered only cursory treatment of a claim, this Court may treat it as abandoned. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) (quotation marks and citation omitted). In his brief, defendant cites cursory legal issues, recites parts of the records, and concludes "[a]ppellant respectfully contends that the Trial Court record does not set forth adequate bases for the consecutive sentences." Defendant offers no legal analysis or application and, therefore, effectively abandons this issue.

Regardless, we find no merit to defendant's claim. In Michigan courts, "concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). MCL 752.797(3) and (4) authorizes the sentencing court to order that a term of imprisonment imposed for violations of MCL 752.796 be served consecutively to any term of imprisonment imposed for conviction of the underlying offense. Defendant was convicted under MCL 752.796 and, therefore, the trial court had discretion to order consecutive sentences.

This Court held that trial courts imposing one or more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016) In *Norfleet*, the sentencing court imposed five consecutive sentences for multiple drug offenses, but spoke "only in general terms," stating that it "took into account defendant's 'background, history, [and] the nature of the offenses involved' " and "did not speak separately regarding each consecutive sentence, each of which represents a separate exercise of discretion." *Id*. at 654. This Court remanded the case so that the trial court could fully articulate its rationale. *Id*. at 666.

In this case, the trial court buttressed its sentencing decision with several pages of reasoning. First, the court stated that it was very familiar with the facts and circumstances of the case and had listened "very carefully" to the testimony, "evaluated the credibility of the witnesses" and believed the jury reached the right verdict "without any question whatsoever." The court stated that it was "quite frankly, very upset" about the phone call in which defendant encouraged his family a few days before trial "to go in and confess" to the crimes he was charged with, trying to have his daughters "take the stand and testify that they had even been surfing the web when . . . they were small children, and wouldn't even know how to do this." The court considered that defendant was 62 years old, without a prior record "whatsoever," and had "never been in jail, on probation, or in prison." But the court went on to say that "this was a very disturbing set of facts and circumstances." The court took into account that defendant took pictures of his daughters' young friend when she was asleep, the pictures were "inappropriate," done without permission, and had a great negative impact on the victim who "was upset" and it was something she was "going to have to deal with . . . for a long time."

The trial court went on to say that defendant's using the computer to commit a crime and possession of child pornography convictions were "totally separate crime[s]" and had nothing to do with defendant taking inappropriate pictures of the friend. The court pointed to the fact that the experts testified that the child pornography that defendant possessed

> wasn't something that [he] just found when [he was] Googling . . . [he] had to go into the dark edges of the . . . web and find pornography of small children being violated. . . . And the victims of that crime are those children that keep getting abused because there's people like [defendant] who want to view that pornography.

The trial court then sentenced defendant as stated earlier, with the terms of imprisonment for the using the computer to commit a crime count served consecutive to the terms for capturing the image of an unclothed person and child pornography convictions.

The trial court effectively articulated its reason for the consecutive sentences, stating that the crimes were completely separate, the many victims involved were separate and yet all negatively impacted, and pointed to the "very disturbing" facts surrounding defendant's trial wherein he coerced his young daughters to confess to his crimes. Given the record in this case, we hold that defendant has not established that the trial court plainly erred in imposing consecutive sentences. See *Carines*, 460 Mich at 764; *Norfleet*, 317 Mich App at 649, 664.

Defendant next argues that his sentence is not proportionate to his offense and to his circumstances. However, MCL 469.34(10) precludes our review of a within-guidelines sentence. MCL 769.34(10) provides, in pertinent part,

> If a minimum sentence is within the appropriate guidelines sentence range, the Court of Appeals *shall affirm* that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. [Emphasis added.]

-7-

In this case, defendant's recommended minimum sentence was 7 to 23 months' imprisonment with regard to capturing/distributing an image of an unclothed person; the recommended minimum sentence was 27 to 57 months' imprisonment with regard to each count of using a computer to commit a crime; and the recommended minimum sentence was 5 to 23 months' imprisonment with regard to each count of possession of child sexually abusive material. The trial court sentenced defendant to a minimum of 46 months in prison for using a computer to commit a crime, 18 months for each count of capturing/distributing the image of an unclothed person, and 18 months for each count of possession of child sexually abusive material. Each sentence was within the range recommended by the guidelines. Defendant does not dispute that his sentences were within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, we affirm defendant's sentence.

The constitutional argument brought forth by defendant on this issue is currently being considered by our Supreme Court. See *People v Ames*, 501 Mich 1026 (2018). Until *Ames* is decided, we are bound to follow this Court's published precedent. See MCL 7.215(C)(2); *People v Schrauben*, 314 Mich App 181, 196 n 1, 886 NW2d 173 (2016) ("*Lockridge* did not alter or diminish MCL 769.34(10) . . . .").

Nevertheless, even if we were to review defendant's sentence, a defendant's sentence within the applicable sentencing guidelines is neither presumptively severe nor unfairly disparate. See *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). In order to overcome the presumption of proportionality, "a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Id*.

First, defendant's sentence is presumptively proportionate because it fell within the sentencing guidelines recommendation. Additionally, defendant fails to articulate unusual circumstances that render the sentence disproportionate. When sentencing defendant, the trial court also took into consideration the fact that defendant was 62 years old, without a prior record "whatsoever," and had "never been in jail, on probation, or in prison." But the court also considered that "this was a very disturbing set of facts and circumstances," that defendant took pictures of his daughters' young friend when she was asleep, the pictures were "inappropriate," done without permission, and had a great negative impact on the victim, who "was upset" and it was something she was "going to have to deal with . . . for a long time." The trial court's selection of a within-guidelines sentence reflects the trial court's balancing of the positive factors that defendant identified, with the extensive testimony of the history of possession of child sexually abusive material and the circumstances surrounding the trial. In sum, the trial court imposed a proportionate sentence.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello

-8-