**STATE of Minnesota, Respondent,**

v.

**Michael T. GERRING, Appellant.**

**No. CO–85–714.**

Court of Appeals of Minnesota.

Dec. 3, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Ap-

pellate Section Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and FOLEY, and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Michael T. Gerring appeals from his conviction of first degree criminal sexual conduct, Minn.Stat. § 609.342(e)(i) (1984). Gerring contends that the trial court erred when it excluded testimony of an alleged false accusation of rape made by the complainant. Gerring also contends that a statement he made to police was obtained in violation of his constitutional right to remain silent and that the trial court should have instructed the jury on several lesser included offenses.

## FACTS

Appellant Gerring was charged with two counts of first degree criminal sexual conduct, Minn.Stat. §§ 609.342(c) and 609.-342(e)(i), for the rape on October 8–9, 1984, of D.W. D.W. had first met Gerring 12 days earlier at the home of her neighbors.

The complainant testified that she went to bed after 1:00 a.m. on October 9th. She heard a noise; it was Gerring coming into her home. He grabbed her and started to remove her bed clothes. She resisted and told him to leave. He used the belt of her robe in an attempt to tie her hands and choke her. She tried to defend herself by hitting Gerring's collarbone, scratching, kicking, and biting his chest and arms. He struck her on the sides and front of her head and forced her to have sexual intercourse. Gerring left at 4:45 a.m. The complainant called police at 5:00 a.m. and gave a statement. She underwent a sexual assault exam, and pictures of her injuries were admitted at trial.

Appellant testified in his defense. He said that he went to bed with the complainant at 11:30 and tried to go to sleep. She wanted to make love, but Gerring couldn't do so after "shooting cocaine." Gerring said that the marks on his chest were "hickies." He denied penetrating the complainant in any way. Gerring admitted that he "slapped her lightly twice on the side of the face when she was nibbling on me." On cross-examination he said that it was "possible" that the complainant got bruises that night. His finger "might have hit her eye."

That same morning, Gerring went to the St. Louis Park Police Department to recover his impounded car. Officer Jezierski interviewed Gerring after he informed him of the sexual assault complaint and read him his *Miranda* rights. Jezierski told Gerring that he was not under arrest and was free to leave. Gerring was willing to talk, and did not request an attorney. Jezierski asked him if he had sexual intercourse with the complainant the previous night, and Gerring said yes. When asked about the circumstances, Gerring refused to answer, and was placed under arrest.

At the Rasmussen hearing, Officer Jezierski admitted that it was "possible" that Gerring said "he didn't want to talk about it" before he said he had intercourse with the complainant. Gerring did not testify at that hearing. Defense counsel objected to the admission of Gerring's statement. The trial court found that:

> There is no evidence that would indicate by a preponderance of the evidence when or in fact if the defendant said he didn't want to talk about it.

Gerring twice sought to introduce testimony on the "character for truthfulness" of the complainant. At the Rasmussen hearing, Gerring offered the testimony of the complainant's husband; the couple had separated in July of 1984. The substance of the husband's potential testimony is unknown because no offer of proof was made on the record. The trial court ruled that he could not testify because of the "marital privilege."

After the State rested its case in chief, Gerring's trial counsel offered the testimony of two newly discovered witnesses regarding an alleged prior accusation of rape by the complainant. The substance of the testimony was that the complainant had told the two witnesses that she had been "raped" but also admitted that no sexual intercourse had taken place. The State opposed the offered testimony on the basis of Minn.Stat. § 609.347 (1984), the "rape shield" law. The trial court excluded the testimony because it found that it was not relevant.

Defense counsel requested jury instructions on second, third, and fourth degree criminal sexual conduct and assault. The trial court refused the requested instructions, and instructed the jury only on first degree criminal sexual conduct. Gerring was found not guilty on count I and guilty on count II; he was sentenced to 58 months.

## ISSUES

1. Did the trial court err in excluding testimony on the complainant's character for truthfulness?

2. Was an admission by appellant obtained in violation of his constitutional rights?

3. Did the trial court err in refusing to give jury instructions on lesser included offenses?

## ANALYSIS

1. Gerring first contends that the trial court erred in excluding evidence which he claims reflected on the complainant's character for truthfulness.

■ (a) At the Rasmussen hearing, Gerring sought to admit testimony from the complainant's estranged husband. The substance of his testimony was never made clear because he was not placed on the stand and no offer of proof was made. The trial court ruled that the "marital privilege" applied and excluded the husband's testimony.

The marital privilege is a statutory one in Minnesota:

A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either, during the marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during the marriage.

Minn.Stat. § 595.02, subd. 1(a) (Supp.1985).

This statute, which was not superseded by any rule, provides two different privileges: the privilege to prevent a spouse from testifying at any time, during the marriage or after, concerning confidential interspousal communications made during the course of the marriage and the privilege to prevent a spouse from testifying against one during the course of the marriage.

*State v. Leecy,* 294 N.W.2d 280, 283 (Minn. 1980).

We need not decide whether the marital privilege was properly relied on by the trial court to exclude the husband's testimony because no offer of proof was made on the record. Appellant made no showing that the testimony was relevant to any issue in the trial. Minn.R.Evid. 401. Neither has appellant met his burden of proving that he was prejudiced by the exclusion of the evidence. *State v. Loebach,* 310 N.W.2d 58, 64 (Minn.1981). Where a party makes no offer of proof at trial, a reviewing court can have no basis for holding that exclusion of evidence was reversible error.

■ (b) The defense also offered testimony from two witnesses regarding prior accusations of rape made by the complainant. Defense counsel told the court that appellant's brothers had uncovered the witnesses the previous evening. The statements by the complainant were supposedly made in the "summer" of 1983 and in November of that year. The trial court ruled that testimony was not relevant.

We agree. The offered testimony did not reflect on the complainant's character for truthfulness where it was not shown that she was not the victim of a prior

sexual assault. In short, the excluded testimony did not prove that the complainant had made a prior false accusation of rape. *See generally State v. Caswell,* 320 N.W.2d 417, 419–20 (Minn.1982).

2. Appellant next contends that his admission to police that he had intercourse with the complainant should not have been admitted because it was obtained in violation of his right to remain silent. He argues that the trial court improperly placed on him the burden of showing that his statement was inadmissible.

We cannot agree. Appellant misinterprets the trial court's ruling; the court simply found that there was no evidence that he had asserted his right to remain silent. Under the totality of the circumstances, we find that the State satisfied its burden of proving by a preponderance of the evidence that appellant's admission was voluntary. *State v. Jensen,* 349 N.W.2d 317, 319 (Minn.Ct.App.1984).

3. The Minnesota Supreme Court has recently stated the law regarding jury instructions on lesser included offenses:

> We determined in *State v. Lienweber,* 303 Minn. 414, 422, 228 N.W.2d 120, 125–126 (1975) that the trial court is required to instruct the jury on a lesser offense if the offense is a lesser included offense of the crime charged, and if there is evidence which produces a rational basis for a verdict acquitting the defendant of the offense charged and convicting of the lesser included offense. *See also, State v. Kinsky,* 348 N.W.2d 319, 325 (Minn. 1984); *State v. Nurmi,* 336 N.W.2d 65, 67 (Minn.1983).

\*       \*       \*       \*       \*       \*

Minn.Stat. § 609.04, subd. 1 (1984) defines a lesser included offense as any of the following:

(1) A lesser degree of the same crime; or

(2) An attempt to commit the crime charged; or

(3) An attempt to commit a lesser degree of the same crime; or

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

\*       \*       \*       \*       \*       \*

In analyzing whether an offense is a lesser included offense, the court must look at the statutory elements of the relevant offenses rather than at the facts of a particular case. *State v. Gayles,* 327 N.W.2d 1, 3 (Minn.1982). If, after comparing the elements of each offense, "a person can commit the greater offense, as legally defined, without committing the lesser offense, as legally defined, the lesser offense is not necessarily included within the greater offense." *Kinsky,* 348 N.W.2d at 326.

*State v. Coleman,* 373 N.W.2d 777, 780–81 (Minn.1985).

Appellant contends that the trial court erred when it refused to instruct the jury on second, third, and fourth degree criminal sexual conduct. These crimes are lesser included offenses. Minn.Stat. § 609.04, subdivision 1(1) (1984). The more difficult question is:

> [W]hether the evidence would reasonably support a conviction of the lesser degree and at the same time is such that a finding of not guilty of the greater offense would be justified.

*State v. Leinweber,* 303 Minn. 414, 422, 228 N.W.2d 120, 125–26 (1975). The trial court refused to give instructions on the lesser included sex offenses because it found no probative evidence to show any offense other than criminal sexual conduct in the first degree.

We agree. The most telling evidence was photographs of the complainant's and Gerring's injuries and her testimony that she resisted Gerring. Gerring admitted to police that sexual intercourse had occurred, alleged that the complainant performed oral sex on him, and admitted hitting her and the possibility that he caused her injuries. The evidence was such that it would only support a conviction for first degree criminal sexual conduct. Minn.Stat. § 609.-342(e)(i) (1984).

Appellant also requested a jury instruction on assault. Assault is defined as:

(1) An act done with intent to cause fear in another of immediate bodily harm or death; or

(2) The intentional infliction of or attempt to inflict bodily harm upon another.

Minn.Stat. § 609.02, subd. 10 (1984). The crime of assault requires proof of criminal intent. Minn.Stat. § 609.02, subd. 9(1) (1984). First degree criminal sexual conduct does not specifically require proof of intent; only a general intent to do the acts prohibited need be demonstrated. Minn. Stat. § 609.342; *State v. Lindahl*, 309 N.W.2d 763, 766 (Minn.1981). Assault is therefore not a lesser included offense of first degree criminal sexual conduct. Minn.Stat. § 609.04, subd. 1 (1984); *Coleman*.

### DECISION

1. The trial court did not err in excluding testimony from complainant's husband or evidence of a prior accusation of rape.

2. Appellant's constitutional rights were not violated by the admission of statements he made to police.

3. The trial court did not err in refusing to instruct the jury on lesser included sex offenses or assault.

Affirmed.