PEOPLE v CORBIERE

Docket No. 188096. Submitted October 16, 1996, at Marquette. Decided
November 26, 1996, at 9:15 A.M.

Thomas W. Corbiere was convicted by a jury in the Delta Circuit
Court, Stephen T. Davis, J., of two counts of third-degree criminal
sexual conduct for raping his wife by means of force or coercion.
He then pleaded guilty of being a third-offense habitual offender
and was sentenced to seventeen to thirty years in prison. He
appealed, alleging that the trial court erred in refusing his request
for a jury instruction regarding the misdemeanor offense of domes-
tic assault.

The Court of Appeals *held*:

Domestic assault is not a necessarily included misdemeanor of
third-degree criminal sexual conduct. The Legislature enacted the
third-degree criminal sexual conduct and domestic assault statutes
to protect different societal interests. Proof of domestic assault is
not necessarily or even generally established by showing third-
degree criminal sexual conduct because, unlike criminal sexual
conduct, domestic assault cannot be proved without establishing
criminal intent.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED MISDEMEANORS.

A court must instruct concerning a lesser included misdemeanor
where there is a proper request, there is an inherent relationship
between the greater and lesser offense, the requested misdemeanor
is supported by a rational view of the evidence, the defendant has
adequate notice, and no undue confusion or other injustice would
result; offenses are inherently related if they relate to the protec-
tion of the same interests and are related in an evidentiary manner
such that, generally, proof of the misdemeanor is necessarily
presented in proving the greater offense.

2. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — LESSER INCLUDED MIS-
DEMEANORS — DOMESTIC ASSAULT.

The misdemeanor offense of domestic assault is not a lesser included
misdemeanor of the crime of third-degree criminal sexual conduct;
the societal interests furthered by the third-degree criminal sexual

conduct statute are distinct from the interests furthered by the
domestic assault statute; proof of domestic assault is not necessa-
rily or even generally established by showing third-degree criminal
sexual conduct because, unlike third-degree criminal sexual con-
duct, domestic assault cannot be proved without establishing crimi-
nal intent (MCL 750.81[2], 750.520d[1][b]; MSA 28.276[2],
28.788[4][1][b]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Thomas L. Smithson*, Prosecuting Attorney, and *William E. Molner*, Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg*), for the defendant on appeal.

Before: GRIBBS, P.J., and MACKENZIE and GRIFFIN, JJ.

GRIFFIN, J. Defendant was convicted by a jury of two counts of criminal sexual conduct in the third degree, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), for raping his wife by means of force or coercion. Thereafter, defendant pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083, and was sentenced to seventeen to thirty years in prison. On appeal, the sole issue raised by defendant is whether the trial court committed error requiring reversal in refusing defendant's request for a jury instruction regarding the misdemeanor offense of domestic assault. MCL 750.81(2); MSA 28.276(2). We affirm and hold that domestic assault is not a necessarily included misdemeanor of third-degree criminal sexual conduct.

I

At trial, the victim testified that when defendant returned home from work on November 18, 1994, he accused her of having an extramarital affair. For the

next twelve hours, defendant held the victim captive in the couple's home and unsuccessfully tried to obtain her "confession" by hitting her with objects, slapping her, and pulling her hair. During the terrifying ordeal, defendant raped the victim on two different occasions by forced sexual penetration.

Following the conclusion of proofs, defendant requested a jury instruction regarding the misdemeanor offense of domestic assault, MCL 750.81(2); MSA 28.276(2). Although defendant had been charged with two counts of domestic assault, the prosecutor dismissed the misdemeanor charges after the defense rested. The trial court refused to give defendant's requested misdemeanor instruction, stating that third-degree criminal sexual conduct and domestic assault do "not relate [to] the protection of the same interests" and that proof of domestic assault is not "necessarily presented as part of the proof of the greater charged offense." During closing argument, defense counsel conceded that defendant physically abused the victim, but denied that defendant forcibly penetrated the victim's vagina.

II

On appeal, defendant contends that the trial court committed error requiring reversal in refusing to issue a domestic assault instruction. According to defendant, this crime is a lesser included misdemeanor of third-degree criminal sexual conduct. We disagree.

In *People v Stephens*, 416 Mich 252, 261-265; 330 NW2d 675 (1982), our Supreme Court held that a court must instruct concerning a lesser included misdemeanor where (1) there is a proper request, (2) there is an "inherent relationship" between the

greater and lesser offense, (3) the requested misdemeanor is supported by a "rational view" of the evidence, (4) the defendant has adequate notice, and (5) no undue confusion or other injustice would result. See also *People v Hendricks*, 446 Mich 435, 444-446; 521 NW2d 546 (1994); *People v Rollins*, 207 Mich App 465, 468; 525 NW2d 484 (1994). Offenses are inherently related if they relate to the protection of the same interests and are related in an evidentiary manner such that, generally, proof of the misdemeanor is necessarily presented in proving the greater offense. *People v Steele*, 429 Mich 13, 19; 412 NW2d 206 (1987); see also *Hendricks*, *supra* at 445; *Stephens*, *supra* at 262, quoting *United States v Whitaker*, 144 US App DC 344, 349; 447 F2d 314 (1971).

III

We hold that defendant's requested instruction regarding the misdemeanor offense of domestic assault fails to satisfy the second part of the *Stephens* test. Both criminal sexual conduct and domestic assault are abusive, degrading acts of violence. However, contrary to defendant's contention, similarities in the general nature or effect of the two crimes does not necessarily establish that the offenses protect the same interests. Indeed, this portion of the *Stephens* test would lack consequence if it were satisfied whenever the nature or effect of two different crimes could be worked into the same strategically crafted, general category. Thus, our analysis looks beyond the nature or effect of each crime and focuses on the precise problems the Legislature sought to countervail. Using this more precise analysis, we conclude that the Legislature enacted the third-degree criminal sexual con-

duct and domestic assault statutes to protect different societal interests.

Our Legislature enacted the criminal sexual conduct statutes to strengthen laws prohibiting particular kinds of sexual conduct. See *People v Langworthy*, 416 Mich 630, 644; 331 NW2d 171 (1982); *People v Ward*, 206 Mich App 38, 42; 520 NW2d 363 (1994); *People v Nelson*, 79 Mich App 303, 319; 261 NW2d 299 (1977), affirmed in part and vacated in part on other grounds 406 Mich 1020 (1979); see also *People v Armstrong*, 212 Mich App 121; 536 NW2d 789 (1995). On the other hand, "assault statutes deal only with general contacts among individuals," *People v Barnett*, 165 Mich App 311, 318-319; 418 NW2d 445 (1987), and preserve "safety and security" by protecting people against corporal harm. *Hendricks, supra* at 449; *People v Smith*, 143 Mich App 122, 131; 371 NW2d 496 (1985). Recognizing this disparity in statutory focus, this Court has repeatedly held that criminal sexual conduct and assault statutes were enacted to protect distinct legislative interests. For example, in *People v Harris*, 133 Mich App 646, 651; 350 NW2d 305 (1984), this Court rejected the argument that felonious assault is a lesser included offense of first-degree criminal sexual conduct because "the two offenses do not serve a common statutory purpose but serve to remedy two distinct problems." Also, this Court held in *People v Payne*, 90 Mich App 713, 720; 282 NW2d 456 (1979), that assault with intent to do great bodily harm less than murder is of a different "class or category" than criminal sexual conduct. In reaching this conclusion, our Court reasoned, at 720-721:

> *The Legislature has gone to great lengths to carve out sexual assaults from other types of assaults.* Society views

> sexual assaults as particularly heinous and the Legislature
> has determined punishments for the various types of crimi-
> nal sexual conduct. There is a specific "assault" crime asso-
> ciated with criminal sexual conduct. With this statutory
> backdrop, we find that assault with intent to do great bodily
> harm less than murder is a different type of offense than
> and protects a different societal interest than criminal sex-
> ual conduct, and hence it is not a lesser offense of criminal
> sexual conduct. [Emphasis added.]

See also *Ward, supra* at 43 (criminal sexual conduct and child sexually abusive activity are crimes that "prohibit conduct violative of distinct social norms"); *Barnett, supra* at 318 (the child torture statute protects different interests than the assault and battery statute).

We agree with the cases cited and conclude that the societal interests furthered by the criminal sexual conduct statutes are distinct from the interests associated with statutes criminalizing assaults in general. In enacting the criminal sexual conduct statutes, the Legislature chose not to have sexual misconduct prosecuted under general assault statutes or to identify criminal sexual conduct as a heightened degree of assault. Instead, the Legislature devised a comprehensive statutory scheme harshly penalizing limited and specifically defined forms of sexual conduct. In fact, the Legislative history reveals that the Legislature intentionally changed the name of the crime from "sexual assault" to "criminal sexual conduct" so that the established legal definition for "assault" would not impede criminal sexual conduct prosecutions. See Legislative Service Bureau Bill Analysis, House Substitute for Senate Bill No. 1207, July 12, 1974, Memorandum, Analysis of House Substitute SB 1207, from Don P. LeDuc, Office of Criminal Justice Programs,

Department of Management and Budget, to Governor William G. Milliken, July 9, 1974. In our view, this history reveals a Legislative intent to make criminal sexual conduct a uniquely heinous crime that is distinct from and far more invasive of human sanctity and dignity than common assault.

Additionally, we conclude that proofs relative to the misdemeanor offense are not generally shown in proving third-degree criminal sexual conduct. Domestic assault is a specific intent crime, *People v Terry*, 217 Mich App 660, 662; 523 NW2d 23 (1996), that is proved by establishing that the defendant and the victim are associated in one of the ways set forth in MCL 750.81(2); MSA 28.276(2) and that the defendant either intended to batter the victim or that the defendant's unlawful act placed the victim in reasonable apprehension of being battered. See *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979); *People v Sanford*, 402 Mich 460, 479; 265 NW2d 1 (1978); CJI2d 17.2.

On the other hand, third-degree criminal sexual conduct is a general intent crime proved by showing that the defendant committed a proscribed sexual act. *People v Pettway*, 94 Mich App 812, 817; 290 NW2d 77 (1980); see also CJI2d 20.12(2)(a), 20.15, and 20.24 (1)-(4); see *Langworthy, supra* at 645, *People v Brown*, 197 Mich App 448, 450; 495 NW2d 812 (1992), and *People v Perry*, 172 Mich App 609, 623; 432 NW2d 377 (1988). Therefore, proof of domestic assault is not necessarily or even generally established by showing third-degree criminal sexual conduct because, unlike criminal sexual conduct, domestic assault cannot be proved without establishing criminal intent. See *Washington v Walden*, 67 Wash App

891; 841 P2d 81 (1992); *In re Nash,* 149 Vt 63, 66; 539
A2d 989 (1987); *Vermont v Bourn,* 139 Vt 14, 16; 421
A2d 1281 (1980); *State v Gerring,* 378 NW2d 94, 98
(Minn App, 1985).

Affirmed.