# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DANIEL HUGHES,

Defendant-Appellant.

UNPUBLISHED
November 15, 2016

No. 328530
Wayne Circuit Court
LC No. 15-001752-01-FH

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

A jury convicted defendant of felonious assault, MCL 750.82, possession of a firearm during the commission of a felony, MCL 750.227b, and domestic assault, MCL 750.81. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve five years' probation for each assault conviction and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant argues that there was insufficient evidence to support his convictions. We disagree. Where a defendant challenges the sufficiency of the evidence, this Court reviews the issue de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). To determine whether evidence is sufficient to convict a criminal defendant, we consider whether "a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). In making this determination, we view "the evidence in a light most favorable to the prosecution," *id.*, while being mindful that "[c]ircumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime," *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Additionally, we resolve any conflicts in the evidence in favor of the prosecution. *People v Harmon*, 248 Mich App 522, 524; 640 NW2d 314 (2001).

Defendant claims that the evidence was insufficient because the only evidence that proved that he assaulted the victim was from the victim's own testimony, which was unsupported by the other evidence admitted at trial. Specifically, defendant relies on the fact that neither her son's nor Officer Steven Triner's testimony showed that defendant pointed the firearm at her at any point. However, such an argument constitutes an impermissible attack on the jury's credibility determinations, which is not allowed. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748, amended on other grounds 441 Mich 1201 (1992). Moreover, it is not

surprising that the victim's son may not have seen defendant point the gun at his mother because the son was only present for a very limited time during the argument downstairs. Obviously, that the son did not see the entire event and accordingly could not testify to everything that happened that night. Likewise, there is no dispute that Officer Triner was not present for any of the argument and therefore could not testify as to what defendant did or did not do during that time.

In support of the convictions, the victim testified that when she came out of the bathroom, she was met by defendant, who was armed and pressed the gun to her temple—a gun she explained was always loaded. Contrary to defendant's position on appeal, based on this testimony alone, a jury could find beyond a reasonable doubt that defendant had the intent to either injure her or place her "in reasonable apprehension of an immediate battery." *Avant*, 235 Mich App at 505; see also *People v Corbiere*, 220 Mich App 260, 266; 559 NW2d 666 (1996).

Regarding Officer Triner's testimony, defendant points to the fact that the officer did not see any physical injuries on the victim, he testified that the victim was "real evasive," and he had no issues with defendant while transporting him to the police station. The victim testified that defendant only pushed her once, so the fact that she did not have any visible injuries is not remarkable. Further, no physical injuries are necessary to support an assault conviction because, as already noted, a defendant merely has to "place the victim in reasonable apprehension of an immediate battery." *Avant*, 235 Mich App at 505. Moreover, when asked what he meant when he said that the victim was evasive, Officer Triner explained that that she "[w]asn't giving up . . . information. [She] [i]nsisted that we stay quiet in the house. . . . It seemed that she was afraid to talk to us." This is entirely consistent with the victim's testimony that she wanted the police to be quiet because she did not want defendant to know that she had called them. And as for defendant not posing a problem during his transport to the police station, this does nothing to undermine the validity of the conviction. The fact that defendant was compliant with the police says nothing about his conduct toward his victim.

In sum, a reasonable trier of fact could have found beyond a reasonable doubt that defendant assaulted the victim, and defendant's attempt to discount the victim's testimony fails.

Affirmed.


/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter