# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TERRANCE STARKS,

       Defendant-Appellant.

UNPUBLISHED
May 8, 2018

No.   338208
Wayne Circuit Court
LC No.   16-008915-01-FH

---

Before:  BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of domestic violence, MCL 750.81(2), and assault by strangulation or suffocation ("assault by strangulation"), MCL 750.84(1)(b).  Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 30 days in jail for his domestic violence conviction and 34 months to 20 years' imprisonment for his assault by strangulation conviction.  We affirm defendant's convictions and sentences, but remand to establish a factual basis for the costs imposed by the trial court.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first challenges the sufficiency of the evidence supporting his convictions. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016).  The reviewing court must determine if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the prosecution proved each essential element of the crime beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation omitted).  A trier of fact may consider circumstantial evidence and all reasonable inferences that evidence creates. *Solloway*, 316 Mich App at 180-181.  "[I]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24-25; 790 NW2d 295 (2010) (quotation marks and citation omitted).

### A. ASSAULT BY STRANGULATION

Defendant argues that the evidence presented against him at trial, namely, the testimony of the victim stating that defendant was choking her, was so inconsistent with other evidence

-1-

presented at trial that it was insufficient to establish that defendant committed assault by strangulation. We disagree.

MCL 750.84(1)(b) proscribes "[a]ssault[ing] another person by strangulation or suffocation." Assault is defined as "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). "Strangulation or suffocation" is defined as "intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." MCL 750.84(2).

Defendant does not challenge that he assaulted the victim; rather he claims the evidence was insufficient to prove he strangled her. However, in his brief on appeal, defendant solely focuses on the fact that the victim's testimony was not credible, and could not have been believed by a rational trier of fact. "In determining whether sufficient evidence was presented to support a conviction, the reviewing court will not interfere with the fact-finder's role of deciding the credibility of the witnesses." *Solloway*, 316 Mich App at 180. Accordingly, defendant's challenge to the sufficiency of the evidence supporting his assault by strangulation conviction on the basis that the victim's testimony was not credible has no merit.

Further, based on our review of the record, we conclude that the victim's testimony was consistent with the testimony of her friend, who was present during the incident, and the 911 audio tape, on which defendant can be heard saying "I'll break you neck." The victim testified that defendant "went straightforward to my neck with my child on me and grabbed for my neck and start[ed] like choking me, like choking me hard. The phone, it flies out my hand . . . . He [was] on top of me choking me and my baby's under us." The testimony of the victim's friend is consistent with the victim's account, and together, the two women's testimony satisfies the statutory definition of "intentionally impeding normal breathing . . . by applying pressure on the throat or neck . . . ." MCL 750.84(2). Further, defendant's own words show his intent to put pressure on the victim's neck. See MCL 750.84(2). Therefore, we conclude that sufficient evidence was presented from which a reasonable trier of fact could have found defendant guilty of assault by strangulation.

## B. DOMESTIC VIOLENCE

Defendant also argues there was insufficient evidence to support his domestic violence conviction. However, defendant only challenges the evidence supporting his assault by strangulation conviction in his statement of the questions presented. Accordingly, this issue is not properly before this Court, and need not be considered. MCR 7.212(C)(5); *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). In any event, we conclude defendant's argument lacks merit.

To establish that a defendant committed domestic violence, the prosecution most show (1) the commission of an assault or an assault and battery and (2) the defendant and the victim are associated in one of the ways set forth in MCL 750.81(2). *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011); *People v Corbiere*, 220 Mich App 260, 265; 559 NW2d 666 (1996). MCL 750.81(2) states, in relevant part:

[A]n individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

As stated, assault is "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Starks*, 473 Mich at 234. Battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks omitted).

Defendant does not contest that he assaulted and battered the victim. Rather, defendant argues that the evidence presented at trial was insufficient to establish that he and the victim were in a dating relationship. We disagree.

MCL 750.81(7) states:

As used in this section, "dating relationship" means frequent, intimate associations primarily characterized by the expectation of affectional involvement. This term does not include a casual relationship or an ordinary fraternization between 2 individuals in a business or social context.

In this case, the victim explicitly testified that she and defendant had been in a dating relationship since 2013, and that defendant had long been very kind to her, even when she was in a relationship with her children's father. Defendant and the victim lived together for five months. Defendant bought the victim a phone, and bought the victim's children a bounce house. The victim testified that defendant would sleep in the same bed with her, and that they engaged in intercourse. The victim's testimony alone provides sufficient evidence that she and defendant were in a dating relationship.

Defendant again raises the issue of witness credibility by pointing to the victim's ignorance of defendant's many medical conditions. However, as stated, issues of witness credibility are questions for the jury. *Solloway*, 316 Mich App at 180. Additionally, the prosecution may also establish that a defendant committed an act of domestic violence by showing that the victim lived with defendant. The victim testified that she had been living with defendant for four to five months, had her mailed delivered to defendant's house, and parked her car there. Defendant and the victim shared domestic expenses, and the victim's family and friends would visit her overnight at defendant's home. Such evidence is more than sufficient to establish that the victim was a resident of defendant's household. MCL 750.81(2). Accordingly, we conclude that sufficient evidence was presented from which a reasonable trier of fact could have found defendant guilty of domestic violence.

## II. THE REASONABLENESS OF COSTS IMPOSED

Defendant next argues, and the prosecution concedes, that the trial court erred by not stating a factual basis for the $1,200 in court costs it imposed on defendant, thereby depriving defendant of the ability to challenge the reasonableness of the costs imposed on him. We agree.

"For an issue to be preserved for appellate review, it must be raised, addressed and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant failed to object to the costs imposed at sentencing, and consequently, the issue is unpreserved. See *id*.

If a defendant fails to object when the trial court ordered him to pay costs and attorney fees, we review the defendant's challenge to the trial court's imposition of court costs for plain error. *People v Konopka*, 309 Mich App 345, 356; 869 NW2d 651 (2015). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Foster*, 319 Mich App 365, 372; 901 NW2d 127 (2017) (quotation marks and omitted).

MCL 769.1k(1)(b)(iii) states:

(b) The court may impose any or all of the following:

\* \* \*

(iii) Until October 17, 2020, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

In *Konopka*, this Court remanded to the trial court because the trial court had not stated a factual basis for the costs it imposed on the defendant:

[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(iii). In this case, defendant specifically challenges the lack of reasoning for the costs imposed, and we find that she should be given the opportunity to challenge the reasonableness of the costs imposed. We therefore remand to the trial court for it to establish a factual basis for the $500 in costs imposed under MCL 769.1k(1)(b)(iii), or to alter that figure, if appropriate. [*Konopka*, 309 Mich App at 360 (citation omitted).]

-4-

When imposing $1,200 in court costs, the trial judge in this case simply stated: "So in terms of sentencing, I will give you credit for 29 days that you have served, $121 in state cost[s], $130 in crime victim assessment, $1,200 in court costs, and $400 in attorney fees." There was no factual basis given for the $1,200 in court costs imposed. As such, we cannot determine if the costs were "reasonably related to the actual costs incurred by the trial court" or if there was plain error. MCL 769.1k(1)(b)(iii); *Foster*, 319 Mich App at 372. Following the precedent set forth in *Konopka*, we remand to the trial court so that the trial court may establish a factual basis for the $1,200 in costs imposed under MCL 769.1k(1)(b)(iii), or to alter that figure, if appropriate.

We affirm defendant's convictions and sentences, but we remand for establishment of the factual basis for the costs imposed or alteration of that figure, if appropriate. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen