*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LES PAUL JONES,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 340417
Kent Circuit Court
LC No. 17-001973-FH

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of domestic assault, third offense, MCL 750.81(4). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 3 to 20 years' imprisonment. We affirm.

The prosecution presented evidence that on January 19, 2017, defendant struck his now former girlfriend in the face with an open hand outside their home and that he was preparing to hit her a second time when a next door neighbor intervened. An argument between defendant and the neighbor and the neighbor's husband ensued. Defendant intimated that he had a firearm, and the neighbor, although not positive, thought she saw a gun in defendant's hand. Defendant and the victim then went back inside their home. The police arrived, and officers stationed themselves around the house, exercising caution given that defendant might be armed. There was testimony that from outside the home, defendant could be seen hovering over the victim while she was sitting; he was yelling at her and gesturing in an angry manner. The police demanded that defendant surrender himself, but they could not coax him out of the house. Officers ultimately decided to leave the scene after maintaining a perimeter for several hours. Defendant was arrested a few days later without incident. Although the victim denied at trial that she had been assaulted by defendant, the neighbor testified that she witnessed defendant striking the victim. There was testimony that defendant had a history of assaulting his ex-girlfriend, and evidence of prior bad acts was admitted at trial.

On appeal, defendant argues that he was denied a fair trial when the prosecutor elicited testimony of prior bad acts under MCL 768.27b absent the required notice. He also claims that

the probative value of the testimony was substantially outweighed by the danger of unfair prejudice under MRE 403.[1] We review for an abuse of discretion a trial court's decision to admit evidence. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). A question of statutory interpretation is reviewed de novo. *People v Steele*, 283 Mich App 472, 482; 769 NW2d 256 (2009). Although defendant preserved his argument regarding MRE 403, he did not contend below that the notice was deficient, thereby implicating plain-error analysis. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

There was testimony regarding multiple prior bad acts, but defendant's argument is focused solely on the testimony of one neighbor's description of a particular incident.[2] Without specifying the date of the occurrence, this witness testified about an incident in which she was driving her car near a local school at around 2:00 or 3:00 a.m. when she saw "a couple fighting." She discovered that it was her neighbors—defendant and his girlfriend. The neighbor asked the victim whether she needed assistance, and the victim indicated that she indeed needed help.

The neighbor took the victim to the home of the neighbor's mother where they stayed for a couple of hours before the neighbor dropped the victim off at the victim's home, which she shared with defendant. The victim was hesitant to go inside, but she finally entered after stalling for about 10 minutes. The neighbor drove off when everything appeared okay, but she circled the block and returned to the house just to make sure. The neighbor then observed the following:

> As I was coming up the street, he [defendant] was dragging her by her arm up the street. So I parked my car, got out, and as I was walking up the street, you could hear, like, I don't want [to] say if it was his fist or hand, but the contact of him hitting her. And every time he hit her, she screamed louder and louder each time. So at that point, I didn't think it was safe for me, so I went back to my car, and I called the police. And that's when the police came.[3]

With respect to MCL 768.27b, it provides, in relevant part:

> (1) [I]n a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts

---

[1] We note that the argument under MRE 403 was not set forth in the statement of questions presented as required by MCR 7.212(C)(5).

[2] This was not the neighbor who witnessed the assault.

[3] The neighbor also testified that when she and the victim were at the home of the neighbor's mother, the victim showed her "a bunch of scars and scabs she had all over her arms that she said [were] from [defendant]." The neighbor also briefly referred to a separate incident in which her grandmother witnessed some type of altercation between defendant and the victim. No elaboration was provided.

of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

> (2) If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered, to the defendant not less than 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown.

On May 30, 2017, the prosecution served a notice on defendant, indicating that it intended to introduce other-acts evidence of domestic violence under MCL 768.27b. The notice provided that the other-acts evidence "is contained in the underlying police report, and in GRPD incident report no. 16-063520." The notice further stated that "[a] copy of the police report(s) containing this evidence are attached." The trial was subsequently conducted in August 2017.

Attached to the notice was a police report concerning the charged offense, and it referred to a follow-up interview with the neighbor a month and a half after the assault.[4] The interview notes specifically described the incident that the neighbor eventually testified to at trial. Therefore, contrary to defendant's argument, the prosecutor timely disclosed to defendant the other-acts evidence at issue, including the statements of the neighbor and the substance of her expected testimony. Accordingly, there was compliance with the notice provision in MCL 768.27b. That said, we voice our concern of the prosecution's scattershot approach in providing notice under the statute, which forces a defendant to dig through the minutia of a police report in a search of any reference to a prior bad act. There was enough clarity and detail in the instant case to satisfy the notice requirement, but we caution the prosecutor to more carefully abide by the notice mandate in MCL 768.27b in the future.

Furthermore, assuming that there was a notice failure for purposes of MCL 768.27b, we nonetheless conclude that reversal would still not be warranted. Defendant does not explain how he would have proceeded differently with proper notice, nor does he specifically explain why the presumed lack of notice prevented him from refuting the prior act. See *People v Jackson*, 498 Mich 246, 278-279; 869 NW2d 253 (2015) (no prejudice was established from the lack of notice, where the defendant did not show how he would have approached the trial or presented his defense differently had the required notice been given, and where he did not identify or present offers of proof from any witnesses that he might have called with notice). In sum, there was no plain error and no prejudice. *Carines*, 460 Mich at 763-764.

Defendant further argues that the other-acts testimony provided by the neighbor should have been excluded under MRE 403 analysis. MCL 768.27b allows the admission of evidence of prior acts of domestic violence if the evidence "is not otherwise excluded under Michigan rule

---

[4] A second attached police report concerned a domestic assault defendant committed against the victim on July 31, 2016, and evidence of this prior bad act was admitted at trial. Defendant does not challenge the admission of that evidence.

of evidence 403." MCL 768.27b(1); see also *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011). MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"All evidence offered by the parties is 'prejudicial' to some extent, but the fear of prejudice does not generally render the evidence inadmissible." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995). MRE 403 prohibits the admission of marginally probative evidence that will likely be given undue weight—that is, "evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect." *Id.* at 75-76 (quotation marks and citation omitted). Importantly, evidence of prior domestic violence is admissible under MCL 768.27b to show a defendant's propensity to commit the same type of act. *People v Railer*, 288 Mich App 213, 219-221; 792 NW2d 776 (2010). Thus, defendant's argument that the testimony constituted improper propensity evidence falls flat.

Evidence that defendant had a propensity to commit domestic assaults was particularly relevant and probative in this case considering that defendant argued to the jury that there was insufficient evidence that *any* assault ever took place. Any prejudice to defendant was not unfair, nor did it substantially outweigh the probative value of the evidence. In addition, the trial court instructed the jury on the permissible use of the evidence, thereby minimizing any potential for unfair prejudice. See *Cameron*, 291 Mich App at 611-612. In light of these considerations, the trial court did not err in allowing the evidence. Moreover, given the eyewitness testimony of the assault, the surrounding circumstances, and the unchallenged evidence regarding a prior assault by defendant against the victim on July 31, 2016, defendant simply cannot establish the requisite prejudice even were we to agree that the neighbor's testimony should have been excluded. *Lukity*, 460 Mich at 495. There was no miscarriage of justice. MCL 769.26.

In a Standard 4 brief, defendant presents a litany of issues and arguments, none of which have merit or warrant reversal. Defendant claims several instances of ineffective assistance of counsel. He first maintains that counsel failed to investigate and produce witnesses at trial; however, the argument is entirely speculative. He fails to identify any particular witness, let alone one who could have provided favorable testimony. Defendant next argues that his attorney failed to meet with him. But defense counsel did meet with defendant at least once before the preliminary examination and again before the trial. And there is nothing in the record itself that would suggest that counsel was unprepared. Defendant next complains that trial counsel failed to file a motion to quash the bindover at the preliminary examination. There was more than sufficient evidence to support the bindover. Moreover, assuming an error in binding defendant over for trial, we find it was harmless because sufficient evidence was presented to support his conviction at trial. See *People v Libbett*, 251 Mich App 353, 357; 650 NW2d 407 (2002). Defendant also argues that counsel was ineffective because he failed to request an impeachment instruction. We cannot even discern what particular instruction defendant wishes had been given, and the court gave the jury multiple standard instructions addressing the concept of impeachment. Finally, defendant argues that counsel was ineffective for failing to request a bill of particulars. But there was no need for a bill of particulars considering that throughout the

pretrial proceedings, defendant had been fully informed of "the essential facts of the alleged offense." MCR 6.112(E). In sum, trial counsel's performance was not deficient; the actions demanded by defendant would have been futile and meritless, and the requisite prejudice has not been shown even assuming that counsel's performance fell below an objective standard of reasonableness. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001); *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000); *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant next argues that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. Because, as discussed above, no such claim was viable, there was no ineffective assistance of appellate counsel.

Additionally, defendant contends that the prosecution committed misconduct by presenting and failing to correct false testimony. There is simply no record support whatsoever for this nonsensical argument. At most, there were simply a few inconsistencies in some of the testimony. And the mere existence of conflicting evidence is insufficient to establish that the prosecutor knowingly permitted false testimony; there was no attempt by the prosecutor to conceal the minor contradictions. See *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). Furthermore, most of the alleged inconsistencies alluded to by defendant are not even inconsistent if fairly examined. Reversal is unwarranted.

Defendant next argues that the prosecution misled the trial court regarding a number of matters; however, these claims find no support in the record, and we reject them. Defendant's argument that the prosecution failed to disclose the affidavit in support of the arrest warrant has no legal merit.

We next reject defendant's contention that the evidence was insufficient to support the verdict. Viewing the evidence in a light most favorable to the prosecution, including circumstantial evidence and reasonable inferences arising from the evidence, deferring to the credibility assessments made by the jury, honoring the jury's determinations regarding inferences and the weight to be accorded the evidence, and resolving all conflicts in the evidence in favor of the prosecution, *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014), we find there was more than sufficient evidence to support the conviction for domestic assault. There was eyewitness testimony of the domestic assault by a person who knew defendant. That alone was sufficient to support the conviction. And, contrary to defendant's argument, the lack of demonstrable injuries does not undermine the verdict as the law does not require such evidence for a conviction. MCL 750.81; *People v Corbiere*, 220 Mich App 260, 266; 559 NW2d 666 (1996).

Finally, defendant argues that the jury's verdict was against the great weight of the evidence because the victim testified that nothing happened and the other witnesses were not credible. This argument, like the rest of the Standard 4 arguments, reflects a fundamental misunderstanding of the law. Considering that there is no indication that the prosecution's evidence of guilt contradicted indisputable physical facts or law, was patently incredible, defied physical realities, was so inherently implausible that a reasonable juror could not believe it, or was so seriously impeached that it was deprived of all probative value, we must conclude that reversal is unwarranted. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998); *People v*

*Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015). The evidence did not preponderate heavily against the verdict, nor would a serious miscarriage of justice result in allowing the verdict to stand. *Lemmon*, 456 Mich at 642. Finally, the credibility of the witnesses was for the jury to assess. *Id.* Reversal is unwarranted.

We affirm.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle