*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROBERT EARL KENNEDY,

      Defendant-Appellant.

UNPUBLISHED
February 18, 2020

No. 344006
Wayne Circuit Court
LC No. 17-000205-01-FC

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of unarmed robbery, MCL 750.530. Defendant was sentenced to 14 to 21 years' imprisonment for the conviction. We affirm.

## I. FACTUAL BACKGROUND

This action arises from a December 5, 2016 robbery that took place at a Family Dollar store in Westland. Christina Dunlap was working at the cash register when defendant walked up to the register with a few small items, including a deodorant and toothpaste, and Dunlap rang up his purchases. Dunlap gave defendant his total, and defendant passed her some money. When Dunlap opened the cash register, defendant leaned over, and told her to give him all of the money that was in the register. Dunlap noticed that defendant had his left hand in his pocket, and assumed that he might be carrying a gun. Dunlap was afraid of defendant, and quickly gave him all of the money that was in the cash register, which totaled approximately $250. Defendant then left the store.

Defendant was also involved in a related robbery at the same Family Dollar store that occurred on November 27, 2016. Kayla Knuckles was working at the store when defendant walked up to Knuckles at the cash register and handed her a note, which read, "Give me the money, no games." Knuckles attempted to open the cash register, but had to input a manager's code to get the drawer open. Defendant placed his hand in his pocket, and told Knuckles to hurry because he had a gun. Knuckles opened the cash register, took the drawer out of the register, and set the drawer on the counter. Defendant took all of the money out of the cash register, which totaled approximately $200, and left the store.

Defendant was arrested and charged with armed robbery, MCL 750.529, for the robbery committed while Dunlap was working at the cash register. Defendant was separately charged with armed robbery for the robbery committed while Knuckles was working at the cash register. The cases were consolidated, and tried together. The jury reached a guilty verdict of unarmed robbery with regard to the robbery involving Dunlap, but could not reach a consensus regarding the robbery involving Knuckles. Defendant requested a mistrial in the case involving Knuckles, which was granted by the trial court.

Defendant was sentenced in a combined hearing that involved the instant matter, the robbery involving Knuckles, and three other cases unrelated to the Family Dollar robberies. The prosecutor and defendant entered into a plea agreement and sentencing agreement. Under the plea agreement, defendant pleaded guilty to unarmed robbery in the case involving Knuckles, and was sentenced, as a fourth habitual offender, to 14 to 21 years' imprisonment. Additionally, as part of the plea agreement, the prosecutor required defendant to enter into a sentencing agreement, under which defendant would be sentenced to 14 to 21 years' imprisonment in the present case. In exchange, the prosecution agreed to dismiss the three unrelated cases. The plea was accepted by the trial court. Defendant was sentenced to concurrent terms of 14 to 21 years' imprisonment in each case.

## II. JURY INSTRUCTIONS

Defendant argues that the trial court erred by denying his request for a jury instruction regarding larceny from a person, which he argues is a necessarily included lesser offense of armed and unarmed robbery.

This Court reviews de novo claims of instructional error involving questions of law, "but . . . review[s] the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion." *People v Craft*, 325 Mich App 598, 604; 927 NW2d 708 (2018) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

"Necessarily included lesser offenses are offenses in which the elements of the lesser offense are completely subsumed in the greater offense." *People v Nickens*, 470 Mich 622, 626; 685 NW2d 657 (2004) (quotation marks and citation omitted). "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002) (footnote omitted). Although defendant argues that larceny from a person is a necessarily included lesser offense of armed and unarmed robbery, it must be noted that defendant was only charged with armed robbery; thus, for this Court's purposes, the question is ultimately whether larceny from a person can be considered a necessarily included lesser offense of armed robbery. Under MCL 750.529, a defendant is guilty of armed robbery if he or she

> engages in conduct proscribed under section 530 and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous

weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon . . . .  [(footnote omitted).]

Under MCL 750.357, a defendant may be found guilty of larceny from a person merely "by stealing from the person of another . . . ." Contrary to defendant's assertion that larceny from a person is a necessarily included lesser offense of armed robbery, the Michigan Supreme Court has most recently held that "larceny-from-the-person is no longer a necessarily included lesser offense of robbery." *People v Smith-Anthony*, 494 Mich 669, 687 n 53; 837 NW2d 415 (2013). Thus, the trial court was not required to give a jury instruction on larceny from a person because it is not a necessarily included lesser offense of armed robbery.[1]

## III. PROPORTIONALITY

Defendant argues that the trial court abused its discretion by sentencing him to 14 to 21 years' imprisonment. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews the reasonableness of a sentence for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

Defendant's appellate counsel ignores the important fact that defendant pleaded guilty to the charge of unarmed robbery in the consolidated robbery cases under a plea and sentencing agreement. Under the agreement, defendant agreed to concurrent sentences of 14 to 21 years' imprisonment in both consolidated cases, and agreed to be sentenced as a fourth habitual offender. When defendant voluntarily entered into the plea agreement, he affirmatively acknowledged the proportionality of his sentences. *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993). Defendant has made no further effort to withdraw his plea or call attention to an error in the plea-taking process. "[D]efendant received exactly the sentence to which he previously had agreed and may not now challenge that sentence, because he has made no effort to withdraw his plea." *People v Blount*, 197 Mich App 174, 175; 494 NW2d 829 (1992). Accordingly, even if the sentence exceeded defendant's minimum sentencing guidelines range (and it did not based upon his plea and sentence agreement), defendant "waive[d] appellate review . . . by understandingly and voluntarily entering into a plea agreement to accept [a] specific sentence." *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005) (footnote omitted), citing MCR 6.302.

---

[1] Even if larceny from a person was a necessarily included lesser offense of armed robbery, a rational view of the evidence does not support defendant's contention that he was entitled to a jury instruction regarding larceny from a person. *People v Mendoza*, 468 Mich 527, 545; 664 NW2d 685 (2003). Larceny from a person is distinguishable from armed robbery because it does not require the use of force or violence. See *People v Lee*, 243 Mich App 163, 168; 622 NW2d 71 (2000). Dunlap testified that defendant slipped his left hand into his pocket during the robbery, which made Dunlap believe that defendant had a gun. The mere fact that no gun was ever linked to the robbery is immaterial; rather, a defendant commits armed robbery when he or she uses an object "fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, . . . ." MCL 750.529.

## IV. OFFENSE VARIABLES

Defendant also argues that the trial court erred in scoring offense variable (OV) 10 at 15 points, and scoring OV 14 at 10 points.

Generally, this Court "review[s] for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence[,]" and "review[s] de novo whether the factual determinations were sufficient to assess points under" OVs 10 and 14. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which [this Court] reviews de novo." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018) (quotation marks and citation omitted).

Defendant has waived his scoring error arguments because he entered into a plea and sentencing agreement under which he agreed to a sentence of 14 to 21 years' imprisonment for the unarmed robbery conviction. A defendant waives objection to a sentence by voluntarily and knowingly accepting a plea agreement for that specific sentence. *Wiley*, 472 Mich at 154. Additionally, defendant has not moved to withdraw his plea, and raises no other argument regarding the validity of the plea agreement. See *Blount*, 197 Mich App at 175-176 (stating that a defendant must move to withdraw his or her plea in order to avoid waiving the right to challenge an imposed sentence). Therefore, we need not address defendant's argument regarding the scoring of OVs 10 and 14.

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron